**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT ALLEN GRAVES, | § | |
| (SPN #01954106) | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-19-1569 |
| | § | |
| HARRIS COUNTY JAIL, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

Robert Allen Graves, an inmate of the Harris County Jail, sued in April 2019, alleging civil rights violations resulting from a denial of due process. Graves, proceeding pro se and in forma pauperis, sues the Harris County Jail ("HCJ") and the Harris County District Attorney's Office.

The threshold issue is whether Graves's claims should be dismissed as frivolous.

### I. Graves's Allegations

Graves asserts that on October 11, 2017, Assistant District Attorney Catherine Johnson dismissed assault charges pending against him in Cause Number 156722201010. Graves asserts that he was never taken before a magistrate within forty-eight hours of his arrest in Cause Number 156722201010.

Graves states that on March 19, 2019, he was charged with assault on a peace officer in Cause Number 162510701010. Graves states that his trial in Cause Number 162510701010 is scheduled for June 24, 2019. Graves asserts that the HCJ does not have his fingerprints or signature on file. Graves seeks punitive damages of $1,500,000.00.

O:\RAO\VDG\2019\19-1569.a01.wpd

Online research reveals that in addition to the charges mentioned by Graves, he is charged with three additional offenses:

(1)     violation of a protective order in Cause Number 217263801010;

(2)     criminal mischief greater that $100.00 and less than $750.00 in Cause Number 217197501010; and

(3)     assault of a family member in Cause Number 217197401010.

Graves's next court date for all three of these offenses is June 26, 2019.

## II.     Standard of Review

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 19', 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III.     The Claim Based on Prosecutorial Misconduct

Graves seeks damages against the Harris County Attorney's Office for conduct in the prosecution of the criminal case. Absolute immunity precludes his claim. Prosecutors have absolute immunity from such damages claims. *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 637 (5th Cir. 2000)(citing *Burns v. Reed*, 500 U.S. 478, 491 (1991)). Prosecutorial immunity applies to a prosecutor's actions in initiating a prosecution and in handling the case through the judicial

process. *Id.* Prosecutorial immunity extends to activities "intimately associated with the judicial phase of the criminal process." *Kerr v. Lyford*, 171 F.3d 330, 336 (5th Cir. 1999)(quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Graves complains that the Harris County District Attorneys' Office failed to take him before a magistrate within forty-eight hours of his arrest. The actions Graves complains of are related to the judicial process and were undertaken in furtherance of the attorneys' advocacy function in their representation of the government. The Harris County District Attorney's Office is entitled to absolute immunity from Graves's suit, and the damages claims against the Harris County District Attorney's Office are dismissed.

## IV. The Claim Against the HCJ

Graves has named the HCJ as a defendant. In Texas, county and police departments are not generally legal entities capable of being sued, absent express authorization from the county. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991). There is no indication that the HCJ enjoys a separate legal existence from Harris County; thus, it is not a proper party. *Potts v. Crosby Ind. Sch. Dist.*, 210 F. App'x 342, 344–45 (5th Cir. 2006).

The claims against the HCJ are DISMISSED.

## V. Conclusion

Graves's motion to proceed in forma pauperis, (Docket Entry No. 2), is GRANTED. The action filed by Robert Allen Graves (SPN #01954106) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). Any remaining pending motions are DENIED as moot.

The agency having custody of Graves will continue to deduct twenty percent of each deposit made to Graves's inmate trust account and forward payments to the Court on a regular basis,

provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)     the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2)     Thomas Katz, Manager of the Inmate Trust Fund, 1200 Baker Street, Houston, Texas 77002, Fax 713-755-4546; and

(3)     the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on _____May 9_____, 2019.


VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE